RULEY, JUDGE:
This claim for property damage in the sum of $5,000.00 grows out of a single-vehicle accident which happened at about 7:30 p.m. on Monday, January 22, 1979, on Little Seven Mile Road near Barboursville, Cabell County, West Virginia. The claimant, an employee of the Veteran’s Administration, was travelling alone in her 1973 model Chevrolet automobile on her way from Washington, D.C., to her home in Huntington. At the time and place of the accident, it was dark and raining. The claimant was familiar with the road. As she approached a bridge across the Guyandotte River, she didn’t see the water which covered the highway, and drove into it a speed that “couldn’t have been more than 25.” She continued to a point where, when her car stalled and she left it, she was in water that was “hip deep.” The claimant saw no warning signs as she approached the hazard caused by the water, but testified that the highway at the place of the accident was subject to recurrent flooding. She also testified that she could see as far as the illumination extended by the automobile headlights, which were on low beam.
Records maintained by the respondent, which were admitted into evidence, reflected that the Little Seven Mile Road had *28 been closed at 4:30 p.m. on January 22, 1979, and reopened at 2:40 a.m. on January 24, 1979. The witness who identified those records testified that normal procedure incident to such a road closure would have entailed placement of large warning signs reading “High Water” at each end of the roadway closed, but the witness did not personally know whether or not such signs were erected at the time of the accident.
West Virginia Code §17C-15-20 (b) requites that motor vehicles be equipped with head lamps providing “a lowermost distribution of light, or composite beam, so aimed and of sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead.” Such lighting should have enabled the claimant to see the flood water before she drove into it and to avoid damage to her automobile, had she been exercising ordinary care under all of the facts and circumstances existing at the time and place of the accident. The Court concludes that, even though the respondent may have been negligent in failing to warn motorists of the flooded road, such negligence was equalled or exceeded by the negligence of the claimant herself. Accordingly, this claim must be denied.
Claim disallowed.